UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RYON CLARK, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | CIVIL ACTION NO. |
| ] | 2:18-CV-01638-KOB |
| CITY OF ADAMSVILLE, ] | |
| ] | |
| Defendant. ] | |

## MEMORANDUM OPINION

This disability discrimination and retaliation matter comes before the court on Defendant City of Adamsville's motion to dismiss Plaintiff Ryon Clark's complaint. (Doc. 3).

Mr. Clark, who worked as a police officer for the City, suffered from mental health issues after a traumatic experience on the job. Mr. Clark brings a claim under the Americans with Disabilities Act asserting that the City discriminated against him because of his mental disability by, among other actions, not approving paid administrative leave when the City permitted him to take time off from work to recover. He further alleges that the City retaliated against him in violation of the ADA and Title VII of the Civil Rights Act after he complained of disability and gender discrimination.

The court will DENY IN PART and GRANT IN PART the City's motion to

1

dismiss because Mr. Clark has sufficiently pled a prima facie case of disability discrimination based on the City's failure to approve paid leave, but he has failed to establish a prima facie case of retaliation.

I.  **STANDARD OF REVIEW**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  If a complaint fails to comply with this rule, the court will dismiss the complaint on a defendant's Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  And for a complaint to be "plausible on its face," it must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When construing a complaint on a motion to dismiss, the court accepts as true the factual allegations in the complaint. *Iqbal*, 556 U.S. at 678.  But the court does not accept "labels and conclusions," a "formulaic recitation of the elements of a cause of action," speculation, or statements that "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (internal

quotations and citations omitted). So, the court will look only at well-pled *facts*, and if those facts, accepted as true, state a plausible claim for relief, then the complaint will survive the motion to dismiss. *Iqbal*, 556 U.S. at 678.

## II. FACTUAL BACKGROUND

The court accepts as true the following facts alleged in Mr. Clark's complaint.

Mr. Clark worked as a police officer for the City. On September 6, 2017, while executing an arrest warrant with the SWAT team on a suspect charged with child pornography offenses and assault, Mr. Clark saw a significant amount of evidence of the suspect's abuse of a child. The evidence caused Mr. Clark significant stress, insomnia, and difficulties eating.

The chief of police arranged counseling for Mr. Clark. The chief also told Mr. Clark that the City would place him on paid administrative leave while he took time off to recover. After taking some time off from work, Mr. Clark learned that the City applied vacation days to his time off as opposed to paid administrative leave. So he inquired with the City's human resources director, who told him that only the mayor of the City, not the chief of police, could place him on administrative leave and that the mayor did not approve paid administrative leave for mental health issues. But, according to Mr. Clark, the mayor had previously allowed a female City employee to take paid leave for a personal problem

3

involving depression.

Mr. Clark wrote a letter to the mayor in which he stated that he felt the City discriminated against him because of his gender and the type of health condition he faced—a mental health issue as opposed to physical health—by not placing him on paid administrative leave.

Then, when Mr. Clark returned to work, the mayor's office subjected him to "heightened scrutiny . . . in the form of constant checking-in and knit-picking." (Doc. 1-1 at ¶ 33).

On October 13, 2017, somebody informed Mr. Clark that the mayor wanted him off the SWAT team for a couple weeks because the mayor "was worried about him 'relapsing' when he put on his tactical gear." (Doc. 1-1 at ¶ 35).

Mr. Clark then "began to hear from one of his superiors that disciplinary action against him up to termination was being planned for him." (Doc. 1-1 at ¶ 36). Mr. Clark resigned effective March 25, 2018 because of "the discrimination and retaliation [he] was facing" and because he received "counsel from a trusted source" that a resignation would not damage his law enforcement career like a termination would. (*Id.* at ¶¶ 37-39).

In his complaint, Mr. Clark brings a claim for disability discrimination under the ADA and claims for retaliation under the ADA and Title VII. The City has moved to dismiss the complaint, asserting that Mr. Clark fails to state a prima facie

case of disability discrimination or retaliation. According to the City, Mr. Clark does not have a disability as a matter of law and he suffered no adverse employment action to maintain a discrimination or retaliation claim. (*See* Doc. 3 at 2).

In analyzing Mr. Clark's discrimination and retaliation claims, the court finds that Mr. Clark has sufficiently alleged that he had a disability and that he suffered an adverse employment action because of his disability, and thus states a prima facie case of disability discrimination. But the court finds that he has not alleged an adverse employment action to pursue his retaliation claim.

### III. ANALYSIS

#### A. <u>Disability Discrimination</u>

To state a claim for disability discrimination under the ADA, a plaintiff must establish that (1) he had a disability; (2) he was qualified to perform the essential functions of his job, either with or without reasonable accommodation; and (3) he was subjected to an adverse employment action because of his disability. *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255-56 (11th Cir. 2007). Mr. Clark has sufficiently pled facts to support each of these elements.

Under the first element of his ADA claim, Mr. Clark alleges that he had a disability because the City regarded him as having a mental impairment. An individual has a disability under the ADA if he has a "perceived physical or mental

5

impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). The City perceived Mr. Clark as having a mental impairment because it arranged counseling for his mental health issues, gave him time off, and feared that he would "relapse" if he returned to tactical operations. Mr. Clark has thus sufficiently pled facts showing that he had a disability under the ADA.

Under the second element of his ADA claim, Mr. Clark has sufficiently pled, and the City does not dispute, that he was qualified to perform the essential functions of a police officer because he worked at his job for two years before and several months after developing his mental health issues.

And under the third element of his ADA claim, Mr. Clark asserts that the City deprived him of paid administrative leave because he suffered from a mental disability. In doing so, Mr. Clark has sufficiently pled that he suffered an adverse employment action because of his disability.

An adverse employment action under the ADA must "result[] in some tangible, negative effect on the plaintiff's employment." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1261 (11th Cir. 2001). And it must effect "'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Martin v. Eli Lilly & Co.*, 702 F. App'x 952, 956

(11th Cir. 2017) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). Further, the Eleventh Circuit judges the adversity of an employment action from the perspective of a reasonable person in the plaintiff's position. *Doe v. Dekalb Cty. Sch. Dist.*, 145 F.3d 1441, 1452 (11th Cir. 1998).

Here, Mr. Clark experienced a tangible impact and significant change in benefits because, by not receiving paid administrative leave, he did not receive his pay and had to use his vacation days while on leave. Granted, paid leave, as opposed to unpaid leave, appears to be a privilege and up to the City's discretion, but Mr. Clark alleges that the City routinely approved paid leave for physical disabilities, and that the human resources director told him that the mayor did not approve paid leave for mental health issues. (Doc. 1-1 at ¶¶ 27, 43). So, even if paid leave is discretionary, Mr. Clark has sufficiently alleged that the City deprived him of such a tangible benefit because he had a mental disability, and has thus pled an adverse employment action because of his disability to round out his prima facie case.

Because Mr. Clark has sufficiently pled facts to show a prima facie case of disability discrimination, the court will deny the City's motion to dismiss his ADA disability discrimination claim.

### B. Retaliation

Mr. Clark brings retaliation claims under the ADA and Title VII. His

7

complaint to the mayor of disability discrimination forms the basis for his ADA claim and his complaint to the mayor of gender discrimination forms the basis for his Title VII claim. Both claims fail.

To state a prima facie case of retaliation under the ADA or Title VII, a plaintiff must show (1) that he engaged in statutorily protected expression; (2) an adverse employment action; and (3) a causal link between the two. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). Unlike his discrimination claim, Mr. Clark has failed to establish an adverse employment action for his retaliation claims.

Though the City's failure to approve paid leave is an adverse employment action for Mr. Clark's disability discrimination claim, it is not an adverse employment action for his retaliation claims. He complained about disability and gender discrimination *after* the City denied him paid leave, so the failure to approve paid leave could not possibly relate to Mr. Clark's complaint to the mayor.

Recognizing this issue, Mr. Clark relies on actions that occurred after he complained of discrimination. He alleges that the mayor "wanted him off the SWAT team for a couple more weeks" after he returned to work and that the City "more closely scrutiniz[ed him] and disciplin[ed] him." (Doc. 1-1 at ¶¶ 35, 48). These allegations fail as speculative and conclusory.

Again, an adverse employment action must "result[] in some tangible,

negative effect on the plaintiff's employment." *Lucas*, 257 F.3d at 1261. And it must cause "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus.*, 524 U.S. at 761. Even assuming that the allegation that the mayor "wanted him off the SWAT team for a couple more weeks" means that the City actually took Mr. Clark off the SWAT team for two weeks, Mr. Clark improperly leaves the court to speculate how this action negatively affected his employment. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level" to defeat a motion to dismiss).

And his vague allegations of scrutiny and discipline fail for the same reason. He has not alleged what this scrutiny or discipline entailed, and the court cannot speculate as to the adversity of such actions. Further, his vague allegation of "constant checking-in and knit-picking" amounts, at best, to "petty slights" and "minor annoyances," against which the ADA and Title VII does not protect. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Mr. Clark has not sufficiently pled an adverse employment action and has thus failed to state a prima facie case for retaliation under the ADA and Title VII, so the court will grant the motion to dismiss the retaliation claims.

## IV. CONCLUSION

By separate order, the court will **GRANT IN PART** and **DENY IN PART** the City's motion to dismiss. The court will dismiss Mr. Clark's retaliation claims without prejudice, but his ADA disability discrimination claim will remain.

**DONE** and **ORDERED** this 3rd day of December, 2018.

_/s/ Karon O. Bowdre_
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE